| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>John W. Sywilok, Esq. (JS 2289)<br>Godlesky & Sywilok, Esqs.<br>51 Main Street<br>Hackensack, NJ 07601<br>(201) 487-9390<br>Attorneys for Trustee | |
| In Re:<br><br>GIUSEPPE GIUDICE and TERESA GIUDICE<br><br>                Debtors. | Case No. 09-39032<br><br>Chapter 7 |
| JOHN W. SYWILOK, CHAPTER 7 TRUSTEE,<br><br>                Plaintiff<br>vs.<br><br>GIUSEPPE GIUDICE and TERESA GIUDICE<br><br>                Defendants. | Judge: Morris Stern<br><br>Adv. Pro. No. 10- |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

John W. Sywilok, the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the Bankruptcy of Giuseppe Giudice and Teresa Giudice, (the "Debtors"), and by and through his special litigation counsel, Godlesky & Sywilok, Esqs., brings this complaint against Giuseppe Guidice and Teresa Giudice (the "Defendants"), and states:

-1-

## NATURE OF THIS ACTION

1. The Trustee brings this suit to deny the discharge of the Debtors/Defendants pursuant to section 727 of title 11 of the United States Code (the "Bankruptcy Code").

## THE BANKRUPTCY PROCEEDING

2. On October 29, 2009 (the "Petition Date"), a voluntary Bankruptcy petition was filed by Giuseppe Giudice and Teresa Giudice under Chapter 7 of the Bankruptcy Code.

3. On or about October 29, 2009, the Office of the United States Trustee appointed John W. Sywilok as the Trustee for the Debtors.

4. The deadline to file a complaint to object to Discharge of the Debtor was January 29, 2010. By Order of this Court the time period was twice extended to July 1, 2010.

## PARTIES

5. The Trustee is the duly appointed, qualified and acting Trustee in the above captioned case under § 701 of the Bankruptcy Code. The Trustee is prosecuting this action on behalf of the Estate.

6. The Defendants are the Debtors with an address of 6 Indian Lane, Towaco, New Jersey 07082.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 because this action is a civil proceeding arising under the Bankruptcy Code, or this action arises in or relates to the above captioned Chapter 7 case under the Bankruptcy Code.

8. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2).

9. This venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

## BACKGROUND

10. The defendants had been involved in certain litigation prior to the filing of this petition which was the alleged impetus for this filing. The defendants were the owners of certain real property either directly or through limited liabilities company which were on the eve of foreclosure proceedings or the appointment of rent receivers.

11. The defendant, Teresa Giudice, was also involved a reality television program known as "Housewives of New Jersey" under a contract of employment to appear on that show. This defendant also receives income from appearances and from the writing of a book which was written prior to the filing of the Petition.

## FIRST COUNT

12. The Trustee repeats and re-alleges the allegations contained in all of the foregoing paragraphs as if fully set forth herein.

13. Upon information and belief, the Defendants have concealed documents, records and papers from which the Defendants' financial condition or business transactions could be ascertained.

14. The acts complained of include but not limited to failure to disclose an interest in TG Fabulicious LLC, interest in Pizza Parlor, interest in Laundromat, interest in a published book written prior to the filing of petition and information as to actual income received by the Defendants.

15. The Trustee on behalf of the estate and general unsecured creditors is entitled to an Order denying a discharge to the Defendants pursuant to Section 727(a)(3).

## SECOND COUNT

16. The Trustee repeats and re-alleges the allegations contained in all of the foregoing paragraphs as if fully set forth herein.

17. Upon information and belief, the Trustee asserts that the Defendants have made false oaths as to the Petition and Schedules of the Debtors.

18. The acts complained of include but are not limited to false statements as to income, expenses and assets.

19. The Trustee on behalf of the estate and general unsecured creditors is entitled to an Order denying a discharge to the Defendants pursuant to Section 727(4)(A).

### THIRD COUNT

20. The Trustee repeats and re-alleges the allegations contained in all of the foregoing paragraphs as is fully set forth herein.

21. Upon information and belief, the Trustee asserts that the Defendants have withheld information concerning his financial affairs from an officer of the estate in that they have failed to disclose their interest in real properties and businesses.

22. The acts complained of include but are not limited to failure to disclose interests in Pizza Parlor, Laundromat, interest in TG Fabulicious, LLC, interests in real estate and an interest in a published book.

23. The Trustee on behalf of the estate and general unsecured creditors is entitled to an Order denying a discharge to the Defendants pursuant to Section 727(4) (D).

**WHEREFORE,** the Trustee demand Judgment against the Defendant, Guiseppe Giudice and Tersea Giudice denying their discharge pursuant to Section 727 of title 11 of the United States Code.

GODLESKY & SYWILOK, ESQS.<br>
Attorneys for Chapter 7 Trustee

Dated: June 30, 2010

BY:  /s/ John W. Sywilok
JOHN W. SYWILOK, ESQS.