**KRIDEL LAW GROUP**
1035 Route 46 East
Suite B-204
Clifton, NJ 07013
law@kridel.com  - email
(973) 470-0800-Telephone
(973) 472-1909-Facsimile
Attorneys for Debtors/Defendants, Giuseppe and Teresa Giudice

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>TERESA and GIUSEPPE GIUDICE,<br><br>Debtors, | Chapter 7<br><br>Case Number: 09-39032<br><br>JUDGE: HON. MORRIS STERN |
| JOHN W. SYWILOK, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>-vs-<br><br>GIUSEPPE GIUDICE and TERESA GIUDICE,<br><br>Defendants. | Adversary Proc. No.: 10-1845 |

## ANSWER TO COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

Debtors/defendants, Teresa Giudice and Giuseppe Giudice, by way of answer to the complaint filed in the above-captioned matter, say:

{ 1 }

## AS TO NATURE OF THIS ACTION

1. The allegation does not state a factual claim therefore cannot be admitted or denied.

## AS TO THE BANKRUPTCY PROCEEDING

2. Debtors/defendants admit the allegations contained in paragraph two (2) of plaintiff's complaint.

3. Debtors/defendants deny the allegations contained in paragraph three (3) of plaintiff's complaint as to the date.

4. Debtors/defendants admit the allegations contained in paragraph four (4) of plaintiff's complaint.

## AS TO PARTIES

5. The allegation does not state a factual claim therefore cannot be admitted or denied.

6. Debtors/defendants admit the allegations contained in paragraph six (6) of plaintiff's complaint.

## AS TO JURISDICTION AND VENUE

7. The allegation does not state a factual claim therefore cannot be admitted or denied.

8. The allegation does not state a factual claim therefore cannot be admitted or denied.

9. The allegation does not state a factual claim therefore cannot be admitted or denied.

## AS TO BACKGROUND

10. Debtors/defendants deny the allegations contained in paragraph ten (10) of plaintiff's complaint, as to the "impetus" and the intentions of lenders and banks.

11. Debtors/defendants deny the allegations contained in paragraph eleven (11) of plaintiff's complaint. The contract speaks for itself and the book was written post-petition, and money received was post-petition.

## AS TO FIRST COUNT

12. Debtors/defendants repeat the answers to the previous allegations of this complaint as if set forth at length herein.

13. Debtors/defendants deny the allegations contained in paragraph thirteen (13) of plaintiff's complaint.

14. Debtors/defendants deny the allegations contained in paragraph fourteen (14) of plaintiff's complaint.

15. Debtors/defendants deny the allegations contained in paragraph fifteen (15) of plaintiff's complaint.

## AS TO SECOND COUNT

16. Debtors/defendants repeat the answers to the previous allegations of this complaint as if set forth at length herein.

17. Debtors/defendants deny the allegations contained in paragraph seventeen (17) of plaintiff's complaint.

18. Debtors/defendants deny the allegations contained in paragraph eighteen (18) of plaintiff's complaint.

19. Debtors/defendants deny the allegations contained in paragraph nineteen (19) of plaintiff's complaint.

## AS TO THIRD COUNT

20. Debtors/defendants repeat the answers to the previous allegations of this complaint as if set forth at length herein.

21. Debtors/defendants deny the allegations contained paragraph twenty-one (21) of plaintiff's complaint.

22. Debtors/defendants deny the allegations contained paragraph twenty-two (22) of plaintiff's complaint.

23. Debtors/defendants deny the allegations contained in paragraph twenty-three (23) of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by his failure to state a cause of action upon which relief can be granted.

2. Debtors/defendants did not commit any wrongful, unlawful, or illegal acts.

3. Plaintiff is barred from recovery due to the applicable statute of limitations.

4. Plaintiff is barred from recovery by the Doctrine of Waiver.

5. Plaintiff is barred from recovery by the Doctrines of Judicial and Equitable Estoppel.

6. Plaintiff is barred from recovery by the Doctrine of Latches.

7. Plaintiff is barred from recovery by the Doctrines of License, Payment, Release, Waiver and Estoppel.

8. There is lack of jurisdiction over the person of these defendants by reason of insufficiency of process and insufficiency of service of process.

9. Debtors/defendants have not concealed, destroyed, mutilated, falsified, or failed to keep or preserve any information from which debtors' financial condition or business transactions could be ascertained, unless such act or failure was justified under all of the circumstances of the case.

10. Debtors/defendants did not make any false oaths in connection with their bankruptcy petition.

11. Debtors/defendants did not withhold any information concerning their financial affairs in connection with the bankruptcy petition.

Debtors/defendants reserve the right to amend this answer to insert any additional, separate, affirmative defenses upon the completion of investigation and discovery now being conducted.

**WHEREFORE**, debtors/defendants Teresa Giudice and Giuseppe Giudice request that this Court enter an order dismissing plaintiffs' complaint, for costs of suit, and for such further relief as the Court deems equitable and just.

Dated: July 29, 2010

                                        Kridel Law Group
                                        Attorneys for Debtors/defendants

                                By:   Geoffrey Orlandi, Esq.

K:\WP Docs\GIUDICE\Teresa adversary\answer.doc